UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN CAUSEY (#349510)

VERSUS                                         CIVIL ACTION

ERIC HINYARD, ET AL                            NUMBER 08-464-JJB-SCR

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, July 28, 2008.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN CAUSEY (#349510)

VERSUS                                              CIVIL ACTION

ERIC HINYARD, ET AL                                 NUMBER 08-464-JJB-SCR

MAGISTRATE JUDGE'S REPORT

    Pro se plaintiff, an inmate at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Maj. Eric Hinyard, Capt. John Wells, Capt. Paul Smith and Maj. Tillman.  Plaintiff alleged that on June 20, 2008, he was sprayed with a chemical agent, issued false disciplinary reports and was denied due process at a disciplinary board hearing in violation of his constitutional rights.

    Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

    The court must accept as true the plaintiff's allegations and may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of

facts in support of his claim which would entitle him to relief. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F. 2d 759 (5th Cir. 1984).

In an action proceeding under § 1915, this court may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised by the parties. *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, ___ U.S. ___ , 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999).  A prisoner must exhaust his administrative remedies by complying with applicable

prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, ____ U.S. ____, 126 S.Ct. 2378, 2386 (2006).  Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules.  *Id.*, 126 S.Ct. at 2389-90.  The 42 U.S.C. § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).  A court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

In his complaint, the plaintiff conceded that he filed a single administrative grievance challenging the use of force and the issuance of the disciplinary which was rejected by prison officials.  There are specialized administrative remedy procedures in place for disciplinary matters and an administrative grievance may be rejected for failure to pursue administrative remedies through the appropriate procedure.  La. Admin. Code, tit. 22, pt. I, § 325(F)(1)(a)(ii)(a).

It is apparent of the face of the complaint that the plaintiff failed to exhaust available administrative remedies regarding the claims raised in the complaint prior to filing suit as required by 42 U.S.C. § 1997e(a).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed without prejudice for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling them in forma pauperis status.[1]

Baton Rouge, Louisiana, July 28, 2008.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[1] *Underwood v. Wilson*, 151 F.3d at 296.